Filed 8/19/21  Flippin v. County of Santa Clara CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JAQUELINE FLIPPIN, | H048816 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 2013-1-CV-257316) |
| v. | |
| COUNTY OF SANTA CLARA et al., | |
| Defendants and Respondents. | |

**THE COURT[1]**

Appellant Jaqueline Flippin appeals a trial court order awarding costs to respondents after Flippin's appeal was dismissed (Order).  The trial court entered the Order without agreement of the parties and without a noticed motion.  The parties have reached a settlement of the issues raised on appeal and jointly move for a summary reversal of the Order.  We grant the motion and reverse the Order pursuant to the stipulation of the parties.

**I. PROCEDURAL BACKGROUND**

Following a jury trial, the trial court entered judgment in favor of respondents, County of Santa Clara, Irene Lui and Vinod Sharma.  Flippin appealed the judgment. After the judgment appeal was dismissed on procedural grounds, respondents served and filed a document entitled, "Judgment for Costs on October 27, 2020."  The original trial

_____

[1] Before Greenwood, P.J., Grover, J. and Danner, J.

judge, Judge William J. Monahan, advised respondents to serve Flippin with a proposed judgment for costs for approval as to form. The judge further informed respondents that if Flippin did not approve, respondents would need to file a noticed motion. Although Flippin never approved the proposed costs, respondents never filed a noticed motion. On November 30, 2020, a *different* trial court judge signed the costs award that had been filed by respondents earlier. This appeal ensued.

The parties have agreed that the order on costs was erroneously signed and should be reversed. They have also stipulated that respondents will not seek costs against Flippin, at any time, either in the trial court or through any other means.

## II. DISCUSSION

On appeal, Flippin contends, and respondents agree that the trial court erred in awarding costs without a noticed motion. The parties have reached a settlement and now request that this court summarily reverse the Order pursuant to their stipulation. The reason that the parties seek a summary reversal, as outlined in the request and stipulation for reversal, is that they agree that the Order was issued in error, as signed by a different judge in contravention of the Judge Monahan's direction and without a noticed motion.

The parties' joint motion supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).) For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. Summary reversal of the judgment would place the parties in the same position they would be in if the appeal were successfully prosecuted to completion, and would save both private and judicial resources because it would obviate the need for briefing by the parties and review of the record by this court. The public interest is served by a speedy resolution of this appeal because it will conserve judicial resources.

This court further finds that the parties' grounds for requesting reversal are reasonable. The parties have reached an agreement that will conclude this litigation

2

because respondents have agreed to not seek to recover costs in the future. These grounds outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Public trust in the courts is enhanced, not eroded, when parties agree to resolve their disputes without further litigation. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

## III. DISPOSITION

The November 30, 2020 order awarding costs is reversed pursuant to the stipulation of the parties. The matter is remanded to the trial court with directions to set aside the order awarding costs. Each party shall bear its own costs on appeal. The remittitur shall issue forthwith.